United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50352
Summary Calendar

_____

ALAN QUINN LUCAS,

                                        Plaintiff-Appellant,

versus

DAYTON J. POPPELL, Warden; MICHAEL DAVIS; ERASMO BRAVO; JOHN
BEAIRD; CARLA CONTRERAS; GLORIA BOTELLO; GARY SHAFFER; ANTONIO
ROBLEDO; RICARDO PEREZ; MARY GUERRERO; SHELLEY GRAYSON; TINA
OLIVAREZ; MICHAEL MCGOVERN, also known as Michael McGouran;
ADOLFO R. PEREZ; MIKE CORTEZ; JOSE TURRUBIARTES; GRACE RAMIREZ;
CARL PETERSON; HELEN HERNANDEZ; ISABEL TIJERINA; UNKNOWN
CORRECTIONAL OFFICER, Number 1; UNKNOWN CORRECTIONAL OFFICER,
Number 2; UNKNOWN CORRECTIONAL OFFICER, Number 3; MANUEL SEGURA;
BERNEY KESZLER; ZEHRA PEERBHOY; JAMES HEYEN; DARLA RUDY; SUSAN
STATTMILLER; CHRISTINE HASKIN; LILLIAN VALENTINE; LARRY MASSEY;
ELISA BETTALE; DEBI CARVER; DWIGHT HOWARD; JESSICA TREVINO;
EARNESTINE CARROLL; LUIS DELATORRE; MARY BEARD; RENATA WILLIAMS;
JOSHLYN THOMAS; DEBBIE NEAL; BESSIE PRICE; ONE UNKNOWN MEDICAL
PERSONNEL; JORGE CARDENAS; RONNIE OWENS; TEXAS TECH UNIVERSITY
HEALTH SCIENCE CENTER; UNIVERSITY OF TEXAS MEDICAL BRANCH;
RICHARD SEWARD; GARY JOHNSON,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-1235
USDC No. SA-01-CV-357
USDC No. SA-02-CV-167
- - - - - - - - - -

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Alan Quinn Lucas, Texas prisoner # 644056, moves to proceed

in forma pauperis ("IFP") on appeal following the dismissal of

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

three consolidated <u>pro</u> <u>se</u> civil actions.  By moving for IFP status, Lucas is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith.  See <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997).

Lucas states only that the district court dismissed his actions as "docket management strategy."  His brief contains no argument that the district court erred in dismissing claims in each of his actions on the ground that they were frivolous or failed to state a claim, nor does the brief provide any argument that the district court erred in dismissing his actions as malicious.  See 28 U.S.C. § 1915(e)(2)(B).  Even a <u>pro</u> <u>se</u> appellant must brief an issue to preserve it for appellate review.  See <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993). Accordingly, we uphold the district court's order certifying that the appeal was not taken in good faith.  Lucas' request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See <u>Baugh</u>, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Lucas' claims and actions under § 28 U.S.C. § 1915(e)(2)(B) counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous also counts as a strike.  See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996).  Lucas is WARNED that if he accumulates a third strike he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.